# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DANIEL T., JOHN T., and LUCY T., through their next friend DAVID ROBINSON, MARY T., HILDA T., NORMA ESTRADA, VERONICA MORENO, FRANCISCO RODRIGUEZ, and CHRIS V., through his mother and next friend IDA V., | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| Plaintiffs, | §<br>§ |
| v. | §<br>§ |
| BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF OTERO, NEW MEXICO; OTERO COUNTY SHERIFF JOHN BLANSETT, in his individual and official capacity; OTERO COUNTY SHERIFF DEPUTY LEON LEDBETTER, DEPUTY JOHN DOES #1-12, and DEPUTY JANE DOE #1, in their individual and official capacities, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| Defendants. | §<br>§ |

## COMPLAINT

### NATURE OF THE ACTION

COME NOW PLAINTIFFS, through the undersigned counsel, and respectfully submit this Complaint seeking relief from Defendants' violation of their rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of New Mexico. Plaintiffs are Latinos who, on September 10, 2007, resided in or near Chaparral, New Mexico. Chaparral is a small and predominantly Latino community in southern New Mexico. Plaintiffs allege that during

an operation executed by the Otero County Sheriff's Department, their constitutional rights were violated when deputies raided their homes without warrants or consent and/or seized and interrogated them without probable cause or reasonable suspicion that they were or had been committing a violation of state law.  Plaintiffs further allege that they were targeted by the Otero County Sheriff's deputies based on their race and national origin.  Plaintiffs seek damages and equitable and injunctive relief.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action and over the parties.  Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1983 and common law. Supplemental jurisdiction over the pendant state law claims is proper pursuant to 28 U.S.C. § 1367.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in Otero County, New Mexico.

## PARTIES

### Plaintiffs

2.      Plaintiff DANIEL T. is sixteen years old.  He is Latino and is a citizen of the United States.   On September 10, 2007, Daniel resided with his family in their home in Chaparral, New Mexico.  Pursuant to Federal Rule of Civil Procedure 17(c), Plaintiff Daniel T. brings this action by and through his uncle and next friend, DAVID ROBINSON.   David Robinson is willing and able to act as Daniel T.'s next friend and will conduct this litigation at all times in the best interest of Daniel T.   Daniel T. is a minor still attending public school and residing in Chaparral, New Mexico, and brings this action under a pseudonym because he fears retaliation.

3.      Plaintiff JOHN T. is sixteen years old.  He is Latino and is a citizen of the United States.  On September 10, 2007, John resided with his family in their home in Chaparral, New Mexico.  Pursuant to Federal Rule of Civil Procedure 17(c), Plaintiff John T. brings this action by and through his uncle and next friend, DAVID ROBINSON.    David Robinson is willing and able to act as John T.'s next friend and will conduct this litigation at all times in the best interest of John T.  John T. is a minor still attending public school and residing in Chaparral, New Mexico, and brings this action under a pseudonym because he fears retaliation.

4.      Plaintiff LUCY T. is a Latina and is 14 years old.  On September 10, 2007, Lucy resided with her family in their home in Chaparral, New Mexico.  Lucy now resides in Mexico.  Pursuant to Federal Rule of Civil Procedure 17(c), Plaintiff Lucy T. brings this action by and through her next friend, DAVID ROBINSON.   David Robinson is willing and able to act as Lucy T.'s next friend and will conduct this litigation at all times in the best interest of Lucy T.  Lucy T. is a minor and brings this action under a pseudonym because she fears that using her real name will divulge the names of her brothers, Daniel T. and John T., and that they will be subjected to retaliation.

5.      Plaintiff MARY T. is a Latina and is 18 years old.  On September 10, 2007, Mary resided with her family in their home in Chaparral, New Mexico.  Mary now resides in Mexico.  Mary T. brings this action under a pseudonym because she fears that using her real name will divulge the names of her brothers, Daniel T. and John T., and that they will be subjected to retaliation.

6.      Plaintiff HILDA T. is a Latina.  On September 10, 2007, Hilda resided with her family in their home in Chaparral, New Mexico.  Hilda now resides in Mexico.  Hilda T.

brings this action under a pseudonym because she fears that using her real name will divulge the names of her sons, Daniel T. and John T., and that they will be subjected to retaliation.

7.      Plaintiff NORMA ESTRADA is a citizen of the United States and a Latina.   She is married and has three children. Ms. Estrada resides with her family in Chaparral, New Mexico.

8.      Plaintiff VERONICA MORENO is a Latina.   On September 10, 2007, Ms. Moreno resided in Chaparral, New Mexico with her husband and four children.

9.      Plaintiff FRANCISCO RODRIGUEZ is a Latino.   On September 10, 2007, Mr. Rodriguez resided in Chaparral, New Mexico with his wife and five children.

10.      Plaintiff CHRIS V. is sixteen years old.   He is Latino and is a citizen of the United States.   Chris resides with his family in Chaparral, New Mexico.   Pursuant to Federal Rule of Civil Procedure 17(c), Plaintiff Chris V. brings this action by and through his mother and next friend, IDA V.   Ida V. is willing and able to act as Chris V.'s next friend and will conduct this litigation at all times in the best interest of Chris V.  Chris V. is a minor still attending public school and residing in Chaparral, New Mexico, and brings this action under a pseudonym because he fears being the subject of retaliation.

**Defendants**

11.      Defendant BOARD OF COUNTY COMMISSIONERS FOR THE COUNTY OF OTERO (the "Board") is a three-person board created and authorized under the laws of the State of New Mexico. By state statute, the powers of Otero County (the "County") as a body politic and corporate are exercised by the Board. The Board is responsible for the policies, customs, and practices of the agencies of the County, including the Otero

County Sheriff's Department (the "Sheriff's Department") and its employees. The Board and the County assume the risks incidental to the maintenance of a law enforcement agency and the employment of its law enforcement officers.

12.     Defendant OTERO COUNTY SHERIFF JOHN BLANSETT is the Sheriff of Otero County, New Mexico, and is responsible for the policies, practices and customs of the Sheriff's Department. Sheriff Blansett is also responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of Otero County Sheriff Deputies under his command, including the Otero County Sheriff's Deputies named as defendants herein. Defendant Blansett is sued in his individual and official capacities.

13.     Defendant OTERO COUNTY SHERIFF DEPUTY LEON LEDBETTER is and/or at all relevant times herein, was an officer, employee and agent of Otero County and the Otero County Sheriff's Department. Defendant Ledbetter is being sued in his individual and official capacities.

14.     Upon information and belief, Defendants DEPUTY JOHN DOES #1-12 and DEPUTY JANE DOE #1 are and/or were at all relevant times herein, employees and agents of Otero County and the Otero County Sheriff's Department. Plaintiffs are presently unaware of the true identifies of the Deputy John Does #1-12 and Deputy Jane Doe #1 and therefore sue these defendants by fictitious names. Plaintiffs will amend their complaint to add the true identities of these defendants once they are discovered. Deputy John Does #1-12 and Deputy Jane Doe #1 are sued in their individual and official capacities.

15.     At all relevant times herein, Defendants acted under color of state law and within the course and scope of their duties and functioned as agents, employees and officers of the County and the Sheriff's Department in engaging in the conduct described herein.  At all relevant times herein, the Defendants sued in their individual capacities acted for and on behalf of the County and the Sheriff's Department and acted in the pursuit of their duties as officers, employees and agents of the County and the Sheriff's Department.

16.     At all relevant times herein, Defendants sued in their individual capacities violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable person would have known.

17.     At all relevant times herein, Defendants acted with deliberate, reckless and callous indifference to the federally protected rights of Plaintiffs.

18.     At all relevant times herein, Defendant Board of County Commissioners of Otero County and Defendant Otero County Sheriff John Blansett acted with deliberate, reckless and callous indifference to the constitutional rights of plaintiffs in their policies, practices and customs, including in their failure to properly train and supervise the Defendants sued in their individual capacity.  At all relevant times herein, Defendant officers acted pursuant to the customs and policies of Otero County and the Otero County Sheriff's Department.

**ALLEGATIONS OF FACT**

19.     Otero County is situated in south central New Mexico and encompasses a part of the unincorporated community of Chaparral, New Mexico, a predominantly Latino and Spanish-speaking community.

20.     Unlike the counties in the far southwest portion of New Mexico, Otero County does not abut the international border between the United States and Mexico and instead is bordered only by other New Mexico counties and the State of Texas to its south.

21.     In recent years, Otero County and the Otero County Sheriff's Department have been the recipients of substantial funds provided by the United States Department of Homeland Security under a program called "Operation Stonegarden."

22.     The federal program does not provide Otero County or the Otero County Sheriff's Department the authority to investigate or enforce civil violations of federal immigration law.   Nevertheless, Defendant Board of County Commissioners of Otero County and Defendant Otero County Sheriff John Blansett have authorized, initiated, supported and directed a policy, program and/or custom under which they have engaged in a number of operations meant to identify and detain or arrest Latinos for questioning by federal immigration officials.

23.     Pursuant to the policy and custom authorized by Defendant Board of County Commissioners of Otero County, Defendant Otero County Sheriff John Blansett authorized and directed an operation to be conducted in and around Chaparral, New Mexico on September 10, 2007, in an effort to locate, identify and detain and/or arrest Latinos to determine their immigration status.

24.     Defendant Otero County Sheriff Deputy Leon Ledbetter led the Chaparral operation which, upon information and belief, included the participation of at least eleven other Otero County Sheriff's Deputies.

25.     Beginning in the early morning hours of September 10, 2007, Defendant Otero County Sheriff Deputy Leon Ledbetter and Defendant John Does #1-12 and Defendant

Jane Doe # 1 executed the Chaparral operation by, among other unlawful actions: conducting warrantless raids on the homes of Latinos in search of undocumented immigrants; stopping Latinos in their vehicles and on the streets of the town, without reasonable suspicion or probable cause and detaining and interrogating them about their immigration status; engaging in the assault and battery of Latinos who questioned the actions taken by defendants; and fabricating violations or suspected violations of state law in order to justify their illegal actions.

**The "T" Family**

26.     Plaintiffs Daniel T., John T., Mary T. and Lucy T. are siblings who, until September 10, 2007, lived with their mother, Plaintiff Hilda T., their uncle, George T., and their elderly grandmother in a modest home in Chaparral, New Mexico.

27.     Upon information and belief, the T family was targeted by Otero County Sheriff's deputies because of their race or national origin.

28.     On September 10, 2007, sometime between the hours of 4:30 and 6:00 a.m., the T family members were awakened from their sleep by multiple loud knocks and banging on all four sides of their home.

29.     Members of the T family looked outside and saw at least three uniformed and armed Otero County Sheriff Deputies walking around the house and banging on the walls.

30.     Plaintiff Hilda T. was laying on her bed when she looked towards the window of her bedroom and noticed a man, dressed in a police uniform, trying to enter the house through her open bedroom window. A Defendant Deputy John Doe was halfway through the window when he abandoned his effort and crawled back outside.

8

31.    At that time, another Defendant Deputy John Doe began banging on the front door of the family home, calling out, "Delivery! Mia's pizza!"   Not understanding what was occurring, the T family did not answer the door.

32.    One of the Defendant Deputy John Does again began knocking loudly on the front door and said, "Animal control. Come outside."  Again, the terrified members of the T family remained inside the house and did not answer the door.

33.    Another few minutes passed when the Defendant Deputy John Does began to bang loudly on the side of the house, and one of the Defendant Deputy John Does finally said, "Otero County Sheriff. Come outside!"

34.    Plaintiffs sixteen year-old Daniel T. and his brother, John T., then went to the door and opened it only a couple of inches to speak to Defendant Deputy John Does.

35.    Defendant Deputy John Does, armed and in uniform, first told Daniel and John that they had received a complaint that one of the family's  dogs had bitten someone. Daniel and John denied that their dogs had bitten anybody.

36.    One of the Defendant Deputy John Does then told Daniel and John that the family had a dangerous refrigerator outside.

37.    One of the Defendant Deputy John Does then demanded from Daniel and John that they summon their mother so that they could speak with her.   At that time a Defendant Deputy John Doe put his foot in the doorway so that the door could not be closed.

38.    Plaintiff Hilda T. then came to door to speak to the deputies.  Defendant Deputy John Doe told Hilda that the dogs were dangerous and that someone had made a complaint about the dogs.  The deputy then asked for the licenses for the dogs and

immunization records.  Hilda went back inside, retrieved the dog licenses and showed them to the deputy.

39.     Another Defendant Deputy John Doe, armed and in uniform, demanded identification from Daniel and John.  Both boys showed the officers their New Mexico identification cards.

40.     One of the Defendant Deputy John Does then asked Hilda for her identification and her social security number.

41.     Defendant Deputy John Does then ordered the entire family to come outside into the yard.

42.     Defendant Deputy John Does did not let anyone take their coats or shoes, but instead ordered everyone to exit the house immediately.  Plaintiff Mary T., who was eight months pregnant, was not allowed to get any shoes and she was forced to walk around outside barefoot.

43.     Despite the objections of the members of the T family, the Defendant Deputy John Does ordered Hilda's elderly mother, who was suffering from terminal cancer, to go outside.

44.     At that time, Plaintiff Mary T. began to have abdominal pains.  She asked one of the Defendant Does to call an ambulance.  Despite her requests and her condition, the deputies waited approximately an hour before calling for an ambulance.

45.     Approximately five of the Defendant Deputy John Does entered the T family home without consent.

46.     Plaintiff fourteen year-old Lucy T. asked whether the deputies had a warrant. One of the Defendant Deputy John Does replied that they did not need a warrant because of the refrigerator.

47.     Once inside the T family home, the Defendant Does began pulling drawers out of dressers and emptying the kitchen cabinets and closets.  They also dumped the contents of Hilda's purse onto the bed.

48.     At all times, the deputies acted in an aggressive and authoritative manner, making it clear to all members of the T family that they were not free to leave the scene.  At all times, the deputies were armed and in uniform.

49.     At no time during the seizure, search and detention of Plaintiffs Hilda T., Daniel T., John T., Lucy T., or Mary T., did the Defendant Deputy John Does #1-10 or Jane Doe #1 have reasonable suspicion or probable cause to believe these plaintiffs were committing or had committed a violation of the law.

50.     Defendant Deputy John Does #1-10 and Defendant Jane Doe #1 unlawfully detained all Plaintiffs of the T family for at least three hours, without cause and/or authority, until federal immigration officials could arrive on the scene and take the entire family, except for Daniel and John, into custody.

**Chris V.**

51.     Plaintiff Chris V. is Plaintiff Mary T.'s boyfriend, and the father of her unborn child.

52.     On September 10, 2007, at approximately 6:00 a.m., Mary T. called Chris and told him about the deputies' actions at her house.  Mary further told Chris that she was having abdominal pains.

53.    Chris then drove over to Mary's home to check on her.   When he arrived at the T family home, the house was surrounded by Otero County Sheriff's deputies.

54.    One of the Defendant Deputy John Does approached Chris, pulled him aside and demanded to see his identification.

55.    Chris showed the deputy his New Mexico driver's license.  The deputy then told Chris to step back and Chris complied.

56.    As Chris was stepping back, another deputy, Defendant Deputy John Doe #1, grabbed his arm and violently swung Chris up against the home, forcing him to hit his head against a wooden board.

**Norma Estrada**

57.    On the morning of Monday, September 10, 2007, Plaintiff Norma Estrada was at her home in Chaparral, New Mexico.

58.    At approximately 9:30 a.m., two Otero County Sheriff's vehicles drove slowly past Ms. Estrada's home.   A short time later, one of the Sheriff's vehicles and an unmarked truck drove up and stopped in front of Ms. Estrada's house.

59.    Ms. Estrada's home is completely enclosed by a fence.

60.    Upon seeing the vehicles stop in front of her house, Ms. Estrada went to the front of her yard and opened her gate.  When Ms. Estrada opened here gate, her dog ran a few feet out of the yard; Ms. Estrada picked up the dog immediately.

61.    At that time, Defendant Otero County Sheriff Deputy Leon Ledbetter got out of his vehicle.   Defendant Ledbetter was armed and in uniform.  Two additional uniformed men got out of the Otero County Sheriff's vehicle and stood nearby with their arms crossed watching Ms. Estrada.

62.     Defendant Ledbetter asked Ms. Estrada, "Is that your dog?" Ms. Estrada replied that it was.

63.     Defendant Ledbetter then approached Ms. Estrada and demanded to see Ms. Estrada's identification.

64.     Ms. Estrada gave Defendant Ledbetter her driver's license.

65.     Defendant Ledbetter had Ms. Estrada stand there and wait while he took her license and went back to his vehicle.

66.     Ms. Estrada overheard Ledbetter checking her license on a radio, and heard a voice give her Social Security Number.

67.     Defendant Ledbetter then got out of the truck and handed Ms. Estrada her driver's license and a citation. He told Ms. Estrada that he was citing her because her dog had been reported as loose down the street.

68.     Ms. Estrada's dog had been home inside the gated area all morning.

69.     At no time during her encounter with Defendant Ledbetter was Ms. Estrada free to leave or end the encounter.

70.     At no time did Defendant Ledbetter have reasonable suspicion to question Ms. Estrada or probable cause to believe Ms. Estrada had been or was committing a crime.

71.     No basis existed to charge Ms. Estrada with any violation of the law.

**Veronica Moreno.**

72.     On Monday, September 10, 2007, Plaintiff Veronica Moreno was in her house in Chaparral, New Mexico, when she saw Otero County Sheriff's Deputies knocking at her next-door neighbor's house.

73.     As the deputies were knocking on her neighbor's door, a friend of Ms. Moreno's husband approached the front of Ms. Moreno's house.

74.     One of the deputies followed the friend into Ms. Moreno's yard and stopped him.

75.     While deputies were interrogating the friend in the yard, Defendant Otero County Sheriff's Deputy Leon Ledbetter began to knock loudly on Ms. Moreno's front door.

76.     Ms. Moreno answered her door and Defendant Ledbetter asked Ms. Moreno if she spoke English.  Ms. Moreno replied that she did not.

77.     Defendant Ledbetter then motioned for Ms. Moreno to step outside.  Defendant Ledbetter was armed and Ms. Moreno noticed the other deputies in front of her house. Ms. Moreno thus followed Defendant Ledbetter into the front yard.

78.     Defendant Ledbetter then demanded to see Ms. Moreno's identification.

79.     Defendant Ledbetter then asked Ms. Moreno if she had documents proving that she had legal immigration status.   Ms. Moreno replied that she did not have any documents.

80.     Deputy Ledbetter then informed Ms. Moreno that she was going to be deported and placed her in a patrol car.   Defendant Ledbetter then drove her to another residential location in Chaparral, New Mexico.

81.     At this residential location, Defendant Ledbetter handed Ms. Moreno over to the custody of an unknown Immigration and Customs Enforcement (ICE) agent who was already present.

82.     At no time during the encounter with the Defendant Ledbetter was Ms. Moreno free to leave and at no time did Defendant Ledbetter have reasonable suspicion or probable cause to detain, arrest or interrogate Ms. Moreno.

83.     Defendant Ledbetter seized and interrogated Ms. Moreno solely because she was Latina and for the purpose of investigating her immigration status.

**Francisco Rodriguez**

84.     At approximately 10:30 a.m. on the morning of September 10, 2007, Plaintiff Francisco Rodriguez left his place of work and returned home to pick up his wife so they could go together to pick up their young daughter from elementary school.

85.     When Mr. Rodriguez arrived at his home, he saw two Otero County Sheriff cars parked at the house next door. Defendant Deputy John Doe #11 was at the front door of Mr. Rodriguez's house and Defendant Deputy John Doe # 12 was behind the house.

86.     Defendant Deputy John Doe #11 then, without reasonable suspicion or probable cause to believe Mr. Rodriguez was committing or had committed any crime, ordered Mr. Rodriguez to get out of his car. Mr. Rodriguez complied and got out of his car.

87.     Defendant Deputy John Doe #11 then demanded Mr. Rodriguez produce identification and documentation of his immigration status.   Mr. Rodriguez replied that he had none.

88.     At that time, Mr. Rodriguez's wife came out of their house to see what was happening with the Sheriff's deputies.   Defendant Deputy John Doe #11 then approached Mr. Rodriguez's wife, seized her and ordered her to produce identification and proof of her immigration status.

89.     Defendant Deputy John Does # 11 and #12 then entered the Rodriguez's home without consent. Mr. Rodriguez saw through the windows of the home that the deputies checked under the bed in the children's room and also searched the kitchen.

90.     One of the Defendant Deputy John Does then asked the couple if they had any children, and the couple replied that they had five children who were at school.

91.     One of the Defendant Deputy John Does ordered Mr. Rodriguez into the back of his police car.   The Defendant Deputy John Doe then drove Mr. Rodriguez to each of the schools that their children were attending, which included an elementary school, a middle school, and a high school.

92.     At each school, the Defendant Deputy John Doe accompanied Mr. Rodriguez into the administration office.  While inside the school office, Mr. Rodriguez remained silent and handcuffed and Defendant Deputy John Doe asked for the children to be released.

93.     When Defendant Deputy John Doe took Mr. Rodriguez and the children home, agents of the U.S. Border Patrol were waiting, along with more Otero County Sheriff deputies and their vehicles.

94.     Mr. Rodriguez and his wife were then taken into custody by the Border Patrol and forced to leave their five children behind at home with a neighbor.

95.     Defendants' actions against Plaintiffs were intentional, and performed with callous, deliberate and reckless disregard for Plaintiffs' rights under both the laws and Constitution of the United States and the laws and Constitution of the state of New Mexico.

96.     Defendants' acts proximately caused Plaintiffs' damages and injuries, including but not limited to pain and suffering and severe emotional distress.

**COUNT I**

FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION
(AGAINST ALL DEFENDANTS)

97.     Plaintiffs incorporate by reference all preceding allegations as if fully set forth

herein.

98.     Defendants violated the Fourth Amendment rights of Plaintiffs Daniel T., John T., Lucy T., Mary T., Hilda T., Norma Estrada, Veronica Moreno, and Francisco Rodriguez, by seizing, detaining and interrogating them without reasonable suspicion or probable cause to believe that they had been or were engaged in criminal activity.

99.     Defendants violated the Fourth Amendment rights of Plaintiffs Daniel T., John T., Lucy T., Mary T., Hilda T., and Francisco Rodriguez by searching their homes without consent, reasonable suspicion or probable cause to believe that they had committed any crime, and in the absence of exigent circumstances.

## COUNT II

### EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (AGAINST ALL DEFENDANTS)

100.    Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

101.    By targeting Plaintiffs Daniel T., John T., Lucy T., Mary T., Hilda T., Norma Estrada, Veronica Moreno, and Francisco Rodriguez because of their race and/or national origin, Defendants deprived Plaintiffs of their right to equal protection of the laws as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

102.    Defendants' actions against Plaintiffs were taken with racially discriminatory intent and effect.  Defendants' actions constitute race and national origin discrimination in violation of the Equal Protection Clause of the Constitution of the United States.

## COUNT III

### DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION: FALSE IMPRISONMENT
### (AGAINST ALL DEFENDANTS)

103.    Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

104.    Defendants acted with deliberate, callous and reckless intent to falsely imprison Plaintiffs Veronica Moreno, Francisco Rodriguez, Mary T. Lucy T., Hilda T. David T. and John T. without due process of law.

## COUNT IV

### DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION: SUBSTANTIVE DUE PROCESS
### (AGAINST ALL DEFENDANTS)

105.    Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

106.    Defendants acted arbitrarily and without rational basis, in a manner intended to injure plaintiffs in an unjustifiable manner and deprive plaintiffs of their right to liberty as secured by the Constitution.  The conduct of Defendants shocked the conscience.

## COUNT V

### CONSPIRACY TO VIOLATE CIVIL RIGHTS - 42 U.S.C. § 1985
### (AGAINST ALL DEFENDANTS)

107.    Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

108.    Defendants Deputy John Does and Defendant Ledbetter conspired to violate Plaintiffs' Daniel T., John T., Lucy T., Mary T., Hilda T., Norma Estrada, Veronica

Moreno, and Francisco Rodriguez's rights secured by the U.S. Constitution, including, but not limited to, their rights to due process and equal protection.

109.    Defendants acted intentionally and/or with reckless, deliberate and callous indifference to Plaintiffs' rights.

110.    Defendants' acts and omissions were the direct and proximate cause of harm to Plaintiffs.

**COUNT VI**

ARTICLE II, SECTION 10 OF THE CONSTITUTION
OF THE STATE OF NEW MEXICO
(AGAINST ALL DEFENDANTS:
NEW MEXICO DECLARATORY JUDGMENT ACT)

111.    Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

112.    Defendants violated Plaintiffs Daniel T., John T., Lucy T., Mary T., Hilda T., Norma Estrada, Veronica Moreno, and Francisco Rodriguez's rights secured under Article II, Section 10 of the Constitution of the State of New Mexico by seizing, detaining and interrogating them without reasonable suspicion or probable cause to believe that they had been or were engaged in committing a crime.

113.    Defendants violated Plaintiffs Daniel T., John T., Lucy T., Mary T., Hilda T., and Francisco Rodriguez rights secured under Article II, Section 10 of the Constitution of the State of New Mexico by searching their home without consent, reasonable suspicion or probable cause to believe that they had committed any crime, and in the absence of exigent circumstances.

## COUNT VII

ARTICLE II, SECTION 18 OF THE
CONSTITUTION OF THE STATE OF NEW MEXICO
EQUAL PROTECTION
(AGAINST ALL DEFENDANTS:
NEW MEXICO DECLARATORY JUDGMENT ACT)

114.    Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

115.    By targeting Plaintiffs Daniel T., John T., Lucy T., Mary T., Hilda T., Norma Estrada, Veronica Moreno, and Francisco Rodriguez because of their race and/or national origin, Defendants deprived Plaintiffs of their rights protected by the Equal Protection Clause of Article II, § 18 of the New Mexico Constitution

116.    Defendants' actions against Plaintiffs were taken with racially discriminatory intent and effect.   Defendants' actions constitute race and national origin discrimination in violation of the Equal Protection Clause of Article II, § 18 of the New Mexico Constitution.

## COUNT VIII

ARTICLE II, SECTION 18 OF THE CONSTITUTION
OF THE STATE OF NEW MEXICO: DUE PROCESS
(AGAINST ALL DEFENDANTS:
NEW MEXICO DECLARATORY JUDGMENT ACT)

117.    Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

118.    Defendants' actions toward Plaintiffs were outrageous, offend notions of fundamental fairness, and violate principles of fair and honorable administration of justice.

119.    Defendants' actions violated Plaintiffs' rights and liberty interests in violation of the substantive components of the Due Process Clause of the New Mexico Constitution.

120.    Defendants deprived Plaintiffs of their right to substantive due process when they acted arbitrarily and without rational basis, in a manner intended to injure plaintiffs in an unjustifiable manner and deprive plaintiffs of their rights secured by the New Mexico Constitution.  The conduct of Defendants shocked the conscience.

## COUNT IX

N.M. TORT CLAIMS ACT
FALSE ARREST AND FALSE IMPRISONMENT
(AGAINST ALL DEFENDANTS)

121.    Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

122.    Defendants unlawfully and falsely arrested Plaintiffs Veronica Moreno, Francisco Rodriguez, Mary T. Lucy T., Hilda T. David T. and John T., and falsely imprisoned them by interfering with their personal liberty and freedom of locomotion in violation of the New Mexico Tort Claims Act, N.M.S.A. 1978 § 41-4-1, *et seq*.

123.    The actions of Defendants were not justified or privileged under state law.

## COUNT X

N.M. TORT CLAIMS ACT
BATTERY
(AGAINST DEFENDANT DEPUTY JOHN DOE #1)

124.    Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

125.    Defendant Deputy John Doe #1 intentionally assaulted and battered Plaintiff Chris V.

126.    Defendant Deputy John Does' wrongful acts proximately caused Plaintiff Chris V.'s damages and injuries, including pain and suffering, and emotional distress.

## COUNT XI

### N.M. TORT CLAIMS ACT
### MALICIOUS PROSECUTION AND
### ABUSE OF PROCESS
### (AGAINST DEFENDANT LEDBETTER)

127.    Plaintiffs incorporate by reference all preceding allegations as if fully set forth herein.

128.    Defendant Ledbetter intentionally initiated a criminal charge against Plaintiff Norma Estrada, and abused the judicial process, with an improper purpose and without any reasonable belief whatsoever in the validity of the allegations of fact or law supporting that prosecution.

129.    Defendant Ledbetter knew or should have known that he had no grounds to issue and prosecute the citation; he knew or should have known that no crime had been committed; and knew or should have known that no probable cause existed to believe that Ms. Estrada had committed a crime.

130.    Plaintiff suffered damages as a direct and proximate result of the malicious prosecution and abuse of process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court provide the following relief:

A.    Declare that Defendants violated Plaintiffs' rights secured by the Fourth and Fourteenth Amendments to the United States Constitution as alleged herein;

B.      Declare that Defendants' violated Plaintiffs' rights secured by Article II, Sections 10 and 18 of the Constitution of the State of New Mexico as alleged herein;

C.      Issue an order requiring Defendants to institute appropriate policies, practices, training and other measures to remedy their policies, practices and/or customs and ensure that the constitutional violations described herein do not continue to occur;

D.      Issue an order enjoining Defendants from detaining or arresting Latinos for the purpose of determining their immigration status or facilitating questioning by federal immigration officials; conducting warrantless raids on the homes of Latinos in search of undocumented immigrants; and stopping Latinos on the streets of the town, without reasonable suspicion or probable cause and detaining and interrogating them about their immigration status.

E.      Award Plaintiffs actual, compensatory and punitive damages, in an amount to be determined at trial, against Defendants;

F.      Award Plaintiffs reasonable costs and attorneys fees incurred in bringing this action;

G.      Award Plaintiffs pre-judgment and post-judgment interest as allowed by law; and

H.      Award such other and further relief as the Court may deem appropriate, including injunctive and declaratory relief as may be required in the interests of justice.


DATED: October 17, 2007

                                Respectfully submitted,

                                George Bach
                                Staff Attorney

ACLU of New Mexico
P.O. Box 566
Albuquerque, NM 87103-0566
(505) 243-0046
Facsimile (505) 266-5916

Nina Perales (seeking admission Pro Hac Vice)
David Herrera Urias
Marisol Perez (seeking admission Pro Hac Vice)
MEXICAN AMERICAN LEGAL DEFENSE AND
EDUCATIONAL
FUND, INC.
110 Broadway, Suite 300
San Antonio, Texas 78205
(210) 224-5476
Facsimile (210) 224-5382

Lisa Graybill
Staff Attorney, ACLU-TX (seeking admission Pro
Hac Vice)
P.O. Box 12905
Austin, TX 78711-2905
(512) 478-7300
Facsimile (512) 478-7303